IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS STARK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   CIVIL ACTION NO. 2:23-cv-00074 |
| ARA TRANSPORTATION INC., CANAL INSURANCE COMPANY, and ALEXIS RODRIGUEZ, | ) ) ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT CANAL INSURANCE COMPANY'S RESPONSE
TO PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

COMES NOW Defendant Canal Insurance Company ("Canal") and herein responds to Plaintiff's Motion for Spoliation Sanctions (Doc. 55, "the Motion") stating that while the Motion does not reference any actions of Canal that could lead this Court to sanction it, Plaintiff's generic use of the term "Defendants" in the Motion does not distinguish whose conduct is sought to be sanctioned.[1] For the following reasons, the Motion should be denied as to Canal:

    (1)    None of the alleged sanctionable conduct is directed at Canal;

    (2)    Canal did not possess or control the evidence raised in the Motion; and

    (3)    Plaintiff fails to establish the relevance of the allegedly spoliated evidence, or how it is crucial to his prima facie case.

---

[1] Upon conferring with Plaintiff's counsel about this issue, it appears that the Motion is also directed towards Canal. For brevity's sake, Canal adopts the factual background section and supporting evidence of Defendants ARA Transport, Inc. ("ARA") and Rodriguez's ("Mr. Rodriguez") Response to the Motion.

1

A. **Elements of a Spoliation Motion.**

As the party seeking spoliation sanctions, Plaintiff "must prove that (1) the missing evidence existed at one time; (2) [Defendant] had a duty to preserve the evidence; and (3) the evidence was crucial to Plaintiff being able to prove [his] prima facie case." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1305 (N.D. Ga. 2011) *citing Walter v. Carnival Corp.,* No. 09–20962–CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010). Even upon a showing that all three elements are met, "a party's failure to preserve evidence rises to the level of sanctionable spoliation 'only when the absence of that evidence is predicated on bad faith,' such as where a party purposely loses or destroys relevant evidence." 770 F.Supp. 2d at 1305 *quoting Bashir v. Amtrak,* 119 F.3d 929, 931 (11th Cir.1997). Moreover,

> In determining the propriety of spoliation sanctions, the Eleventh Circuit has instructed that courts should consider the following factors: (1) prejudice to the non-spoiling party as a result of the destruction of evidence, (2) whether the prejudice can be cured, (3) practical importance of the evidence, (4) whether the spoiling party acted in good or bad faith, and (5) the potential for abuse of expert testimony about evidence not excluded.

770 F.Supp. 2d at 1305.

Since Plaintiff's Motion involves electronically stored information ("ESI") in the form of electronic driver's logs and other digitally preserved data, Fed. R. Civ. P. 37(e) is also applicable:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> >
> > (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> > (A) presume that the lost information was unfavorable to the party;
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

While Rule 37(e) relates exclusively to ESI spoliation claims, the Rule "does not fundamentally alter the common-law spoliation framework." *Fed. Trade Comm'n v. F&G Int'l Grp. Holdings, LLC*, 339 F.R.D. 325, 329 (S.D. Ga. 2021) (citing Fed. R. Civ. P. 37(e), Advisory Committee Notes to 2015 Amendment). With respect to the "intent to deprive" component of an ESI spoliation claim, the Eleventh Circuit adopted the "well-trodden standard of 'bad faith'" for any Rule 37(e) analysis regarding an alleged spoliator's "intent to deprive" under the Rule. *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1312 (11th Cir. 2023). Thus, only if bad faith is found can the Court take the remedies outlined in Rule 37(e)(2).

Also, the Court must consider the Motion in light of the evidence Plaintiff needs to establish his prima facie case at trial. His claims are as follows: negligence of Rodriguez in operating his tractor trailer (Compl., Count I); imputed and vicarious liability of ARA (Compl., Count II); negligent hiring, training and supervision (Compl., Count III); and attorney's fees pursuant to O.C.G.A. § 13-6-11 (Compl., Count V). None of those claims implicate Canal; the sole count against Canal is a direct action claim pursuant to O.C.G.A. § 40-2-140. (Compl., Count IV). Neither the driver's daily logs ("the logs"), computer nor cellphone app alleged to be destroyed or altered have any bearing on the claim against Canal. The remaining claims govern the relevance and cruciality of any spoliated evidence.

    **B.**    **None of the Alleged Sanctionable Conduct is Directed at Canal.**

In support of his Motion, Plaintiff describes the conduct of ARA and/or Mr. Rodriguez that he submits is sanctionable:

(1)     "ARA edited the driver logbooks of [Mr.] Rodriguez after [his] deposition but before ARA's deposition." (Doc. 55, Mot. at p.1);[2]

(2)     "ARA produced these edited driver logbooks...before the Rule 30(b)(6) deposition and relied on them at the deposition." (*Id.* at p.1);

(3)     "ARA destroyed federally required driver and tractor-trailer records after service of this action by changing its WhatsApp phone number, which destroyed the WhatsApp data containing these records." (*Id.* at pp.1-2); and

(4)     "the computer ARA maintained with copies of [] federally required ... records allegedly 'broke' after notice of litigation, and then became 'lost' during discovery..." (*Id.* at p.2).

Plaintiff concludes from these allegations that "***Defendants***, not only had the intent to deprive Plaintiff of information, but also had the specific intent to defraud Plaintiff as to the discoverable information." (*Id.*) (emphasis added). Moreover, Plaintiff seeks as sanctions, "that the Court strike ***Defendants'*** defenses as to liability; preclude ***Defendants*** from relying on any of the spoliated evidence...; and determine that Plaintiff has proven ***Defendants*** are liable for punitive damages at trial." (*Id.***)** (emphasis added). While the Motion contains over twenty pages of alleged conduct of either ARA and/or Mr. Rodriguez, it lacks any allegations involving Canal. For this reason, the Motion should be denied as to Canal.

---

[2] As a preliminary matter, the "driver logbooks" refer to the federal mandate for many commercial vehicle operators to record their daily driving and non-driving hours using an electronic logging device, or "ELD", like the Motive Technologies, Inc. system used by ARA. (*See generally* 49 C.F.R. §395, Subpart B). Plaintiff submits a "Motive Manual" in support of its Motion (*see* Doc 56-11, Ex. I,) yet there is no evidence to interpret this manual as Plaintiff has elected not to depose someone from Motive to develop that testimony.

### C. Canal did not possess or control the evidence raised in the Motion.

Assuming the existence of an inference that Canal somehow was involved in the alleged conduct, the Motion still fails because Plaintiff must first show that Canal had a duty to preserve the allegedly spoliated evidence. *Wilson v. HH Savannah, LLC,* No. CV420-217, 2022 WL 3273718, at *3 (S.D. Ga. June 1, 2022) *citing Atta v. Cisco Systems, Inc.*, No. 1:18-cv-1558-CC-JKL, 2020 WL 7384689, at *5 (N.D. Ga. Aug. 3, 2020). "This duty only attaches to information within the party's possession, custody, or control." *Wilson*, 2022 WL 3273718, at *3 (citation omitted). Therefore, "spoliation sanctions are only available against the party who had possession or control of the missing evidence." *Storey v. Effingham County*, No. CV415-149, 2017 WL 2623775, at *2–3 (S.D. Ga. June 16, 2017) *citing Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)("it is essential that the evidence in question be within the party's control."); *Watson v. Edelen*, 76 F. Supp. 3d 1332, 1343 (N.D. Fla. 2015) ("For a spoliation sanction to apply, it is essential that the evidence in question be within the party's control"). "Indeed, the introductory section of Rule 37(e) requires that a party must first be shown to have failed in its duty to preserve existing evidence before sanctions should be considered. Fed. R. Civ. P. 37(e)." *Wilson*, 2022 WL 3273718, at *2.

The Motion is silent as to any role Canal allegedly had in changing any logbook or in disposing of a computer or phone app; the allegations focus on ARA and/or Mr. Rodriguez with no suggestion that Canal controlled or possessed these items. Thus, regardless of whether any party spoliated evidence, which Canal denies, Plaintiff is not entitled to have sanctions imposed against Canal, and the Motion should be denied as to it. While the fact that Canal owed no duty to Plaintiff regarding the evidence at issue should end the analysis, there are several additional, but not exhaustive, grounds that Canal raises in support of denying the Motion in its entirety.

5

### D. Plaintiff has not met his burden of showing that relevant and crucial evidence has been spoliated.

A party must prove not only that the lost or destroyed evidence is relevant to a claim, but the evidence must also be crucial to proving Plaintiff's case. *Eli Lilly & Co. v. Air Exp. Int'l USA, Inc.,* 615 F.3d 1305, 1318 (11th Cir. 2010); *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 514 (S.D. Fla. 2015)("In meeting the requirement to demonstrate that the spoliated evidence was crucial to the movant's ability to prove its prima facie case or defense, it is not enough for the movant to show only that the spoliated evidence would have been relevant to a claim or defense") citing *Managed Care Solutions*, 736 F.Supp.2d at 1327–28 (finding that allegedly spoliated evidence was not crucial to plaintiff's claims because it could still prove its case through other evidence already obtained elsewhere); *Floeter v. City of Orlando*, No. 6:05–cv–400–Orl–22KRS, 2007 WL 486633, at *6 (M.D. Fla. Feb. 9, 2007) (missing emails were not critical to plaintiff's case). "Where, as here, the moving party is not able to establish that the allegedly destroyed evidence is critical to the case, courts have consistently refused to impose spoliation sanctions." *In re Delta*, 770 F. Supp. 2d 1299, 1310; *Heath v. Wal–Mart Stores East, LP,* 697 F.Supp.2d 1373, 1378 (N.D. Ga.2010) (refusing to impose spoliation sanctions in part because the missing evidence was "only part of the puzzle"); *Frey v. Gainey Transp. Servs., Inc.,* No. 1:05–cv–1493–JOF, 2006 WL 2443787, at *8–9 (N.D. Ga. Aug. 22, 2006) (finding no prejudice because missing evidence "not crucial" to plaintiff's claims); *Petcou v. CH Robinson Worldwide, Inc.,* No. 1:06–cv–2157–HTW–GGB, 2008 WL 542684, at *3 (N.D. Ga. Feb. 25, 2008) (denying spoliation sanctions because "resulting prejudice to Plaintiff was relatively minor given other available evidence"). While Plaintiff makes sweeping allegations of logs being altered, and a computer and cellphone app lost/destroyed, Plaintiff fails to point to *specific* evidence contained within the logs,

6

computer and app that is both *relevant* and *crucial* to his prima facie case, or evidence that is not available elsewhere. For that reason, the Motion should be denied in its entirety.

### 1. Driver's daily logs.

One of Plaintiff's central arguments concerns changes made to some of Mr. Rodriguez's logs that are maintained through the ELD. (*See*, *e.g.,* Doc. 55, Mot. at pp. 5-11). Without discussing the log changes in-depth, the Motion simply concludes that any changes must have been for a nefarious purpose. (*See generally*, Doc. 55, Mot. at pp.6-8). While Canal leaves the explanation as to how and why certain logs were changed to ARA and Mr. Rodriguez, it herein highlights the fact that the Motion is silent as to how any changed logs correlate to the requested sanctions. From a regulatory perspective, Canal addresses how the changes lack any impact on Plaintiff's case. First, the Motion fails to acknowledge that the Federal Motor Carrier Safety Administration ("FMCSA") permits various changes to be made to driver's electronic logs (*see* 49 C.F.R Part 395, App. A, §§ 4.3.2.8 (by drivers), 4.3.3.1.3 (by motor carriers)). Second, these changes can be in the form of "edits" or "annotations," as those terms are defined by the FMCSA. Whereas "an edit is a change to an [ELD] record that does not overwrite the original record, [] an annotation is [simply] a note related to a record, update or edit … to the ELD." www.fmcsa.dot.gov/hours-service/elds/what-difference-between-edit-and-annotation (last accessed July 29, 2024). The instant logs appear to contain both edits and annotations – a distinction the Motion fails to address as well.[3]

---

[3] Admittedly, the term "edit" may simply be used in the Motion in the generic sense and seems to refer to any change, alteration, annotation or modification to the logs.

7

Finally, critical to this Motion, *federal regulations prevent an ELD from allowing the original data to be overwritten, altered or erased when an edit or annotation is made*; therefore, the instant logs cannot have been substantively altered, let alone destroyed:

> **4.3.2.8. Driver's Record Entry/Edit**
> (a) An ELD must provide a mechanism for a driver to review, edit, and annotate the driver's ELD records when a notation of errors or omissions is necessary or enter the driver's missing ELD records subject to the requirements specified in this section.
> (b) An ELD must not permit alteration or erasure of the original information collected concerning the driver's ELD records or alteration of the source data streams used to provide that information.

(49 CF.R. Part 395, Append. A, §4.3.2.8(b)). These facts undercut the alleged ill-intent of changes made to the logs because there is nothing nefarious, in and of itself, about making changes to a driver's log. While the Motion fails to explain the impact any log changes have on Plaintiff's case, Canal asserts Plaintiff cannot do so because there is none.

### 2. The production of driver's logs in the instant case.

As discussed in the Motion, ARA produced three sets of Mr. Rodriguez's logs during this lawsuit. The first set covers the seven days prior to and day of the accident (Aug. 22, 2022, through August 29, 2022) (Doc. 56-8, Mot. Ex. H-1). The existence of the logs for the week prior to and day of the accident upends the Motion as the first element of a spoliation claim requires a showing that "(1) the missing evidence exist*ed* at one time..." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1305 (N.D. Ga. 2011)(emphasis added). The original driver's logs, however, still exist in their unaltered state as ARA produced them. And there is no allegation that Mr. Rodriguez's hours, as reflected in the original logs, violated the FMCSA's hours of service rules. Merely asserting that Mr. Rodriguez was "out of service" because he was not in ELD mode, as Plaintiff alleges, does not convert the logs into relevant and crucial evidence. (*See* Doc. 55, Mot. at pp.3-4; *see also* herein, Section, 3, *infra*.)

Despite these facts the Motion goes on to discuss two other sets of driver's logs: the second set, which was produced prior to ARA's corporate deposition and covers the period of July 25 through August 21, 2022, and August 25, 2022 (Doc. 56-9, Mot. Ex. H-2); and the third set covering February through August 2022 (Doc. 56-10, Mot. Ex. H-3). This third set was produced in February 2024. (Doc. 55, Mot. at p.6). Notably, none of the alleged changes to Mr. Rodriguez's original logs (Ex. H-1) resulted in any destroyed or deleted data, in part, because of the federal mandate that precludes an ELD from deleting any edited or altered data. (*See* 49 CF.R. Part 395, Append. A, §4.3.2.8(b), *supra.*). Yet, even if this Court assumes the relevance of any changes made to Mr. Rodriguez's logs, since the accident at issue occurred on August 29, 2022, the logs covering February through mid-August 2022 are not critical to Plaintiff's case. Thus, any changes to those logs offer no support for the Motion. Regardless, none of the changes equate to fraud, deceit or corporate malfeasance as alleged.

> **3. The changes to the logs are harmless and the Motion offers no basis to assert any nefarious intent on the part of ARA or Mr. Rodriguez.**

Beyond the fact that ELD systems are designed to prevent data from being overwritten or erased when edits are made (Part 395, Append. A, §4.3.2.8(b)), ELD systems also require that any changes made to logs, must be confirmed or rejected by the driver:

> **4.3.3.1.3 Motor Carrier's Post-Review Electronic Edit Requests**
> (a) An ELD may allow the motor carrier (via a monitoring algorithm or support personnel) to screen, review, and request corrective edits to the driver's certified (as described in section 4.3.2.3 of this appendix) and submitted records through the ELD system electronically. If this function is implemented by the ELD, the ELD must also support functions for the driver to see and review the requested edits.
> (b) Edits requested by anyone or any system other than the driver must require the driver's electronic confirmation or rejection.

(Part 395, Append. A, §4.3.3.1.3). Section 4.3.3.1.3 puts into perspective Plaintiff's assertion that while ARA "made multiple unknown edits to Rodriguez's logbooks," Mr. Rodriguez's signature

9

is missing from those edited logs. (Doc. 55, Mot. at p. 8). Again, Plaintiff assumes wrongdoing without due consideration of what the logs state. As evidenced in the log edit history produced to Plaintiff, the annotations and edits appear to have been "approved":



(Doc. 56-13, p.28; Mot. at Ex. K). Such an "approval" for each edit and annotation would seem to reflect the confirmation contemplated in Part 395, Append. A, § 4.3.3.1.3. Thus, the argument that Plaintiff does not have "signed," edited logs may simply be a red herring. In any event, the remedy for having an edited log without a signature is to conduct additional discovery to affirm or negate any concerns; spoliation sanctions are not the answer in this instance.

Another example of a harmless change made to Mr. Rodriguez's logs is the addition of the letters "PTVI", which Plaintiff asserts stands for "post trip vehicle inspection" (Mot. at p. 5):



(Doc. 56-9, Mot. Ex. H-2). Plaintiff argues that Mr. Rodriguez did not complete *post-trip* inspections and that by "PTVI" being annotated in the logs ARA committed "corporate

10

malfeasance" and done "with specific intent to tamper with and deprive Plaintiff of evidence." (Doc. 55, Mot. at p. 10). These "PTVI" annotations, however, neither add to, nor take away any substance from the original logs – these annotations simply appear to clarify the completion of *pre-trip* inspections performed by Mr. Rodriguez, which inspections are clearly marked at the bottom of each log sheet. For example, in the August 3, 2022, log shown above, the term "PTVI" was annotated for the 7:30am entry:



That entry corresponds to the *pre-trip* vehicle inspection completed that morning as recorded on the bottom of that same log:



(Mot. Ex. H-2, Doc. 56-9). In short, on the face of the log, "PVTI" appears to reflect a *pre-trip* inspection and the addition of that annotation is not material in any way. Notably, Plaintiff does not provide a citation to support its interpretation of the term "PVTI". (*See* Doc. 55, Mot. at pp. 5,6,11).

11

Plaintiff next argues that since Rodriguez was in "non-ELD mode", he "was out of service every day [he] worked for ARA, which spoliated the logbook of hours that he worked" (Doc. 55, Mot. at p.5). Such a position is also without merit and has no bearing on the Motion. Regardless of whether "ARA intentionally or negligently allowed Rodriguez to drive without being in automatic ELD mode" (Doc. 55, Motion at p.5), this does not constitute spoliation of evidence. Indeed, the definition of spoliation requires the altering or destruction of evidence *after* there is a reason to suspect litigation. *See, e.g., Innzbruck Golf Resort, Inc.*, No. 2:15-cv-218, 2016 WL 6193475, at *2 (N.D. Ga. Oct. 24, 2016)("Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence *in pending or reasonably foreseeable litigation*")(emphasis added). By Plaintiff's own argument, he is asserting that ARA and Mr. Rodriguez's *pre-accident* conduct is tantamount to spoliation. The Motion cites no law in support of this position.

Finally, the changes to the logs are also harmless because Plaintiff has had considerable opportunity to question ARA and Mr. Rodriguez about the original logs. (*See* ARA Corp. Dep. and Rodriguez Dep., Docs. 56-7, 56-12, Mot. Ex's. G and J). Both depositions contain numerous questions concerning the original logs. (*Id.*) And while the annotated logs (Mot., Ex. H-2) were produced prior to the corporate deposition, Plaintiff's counsel did not appear to ask any questions concerning them during the corporate deposition. (*See generally*, Doc. 56-7, Mot. Ex. G).

If the log edits and annotations prejudiced Plaintiff, which Canal denies, sanctions are not the remedy; rather, and to the extent any of the issues are even relevant and admissible, effective cross examination and additional discovery is the means to cure it. *See* Fed.R.Civ. P. 37(e)(stating a court "may order measures no greater than necessary to cure the prejudice"). The existence of other means of obtaining the information, like through depositions, makes the evidence non-crucial

to Plaintiff's case. *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. at 514. Even in situations where *relevant* evidence is destroyed, "any prejudice that may have been suffered [] is mitigated by the fact that they have been afforded a full opportunity to depose all of the relevant" individuals who may have had a role in the loss or destruction. *In re Delta*, 770 F. Supp. 2d at 1311 citing *Griffin v. GMAC Commercial Fin., LLC,* 2007 WL 521907, at *4 (N.D. Ga. Feb. 15, 2007) (concluding that destroyed evidence "had little practical effect" on the plaintiff in part because he remained "free, during discovery, to question all of those involved").

### 4. Whether ARA lost records required to be kept by the FMCSA is not grounds for spoliation sanctions.

While Plaintiff "is without words on the absolute disregard of Federal Law by Defendants in this matter" (Mot. at p. 19) regarding some unidentified records that the FMCSA may require ARA to maintain, Plaintiff fails to identify any such record that is critical to proving his case in chief. Moreover, merely because certain records must be maintained and made available to the FMCSA upon request (Mot. at 14), that creates no duty in favor of Plaintiff that the documents be preserved. *In re Delta*, 770 F. Supp. 2d at 1308 (rejecting plaintiff's argument that defendant owed plaintiff duty to preserve documents because defendant owed duty to the department of justice to preserve certain records as part of an investigation). To impose such an obligation on ARA "flies in the face of the legal definition of the word duty…" *Id.*

### 5. Any alleged violations of Federal Motor Carrier Safety Regulations ("FMCSRs") by ARA or Mr. Rodriguez has no bearing on the Motion.

Not only has Plaintiff failed to argue why any violation of the FMCSRs would be relevant to his Motion, but courts routinely find that violations of regulations that have no bearing on causation are irrelevant and inadmissible. *See, e.g., Battle v. Thomas*, 623 F. Supp. 3d 1312, 1325 (N.D. Ga. 2022) (evidence of defendant's violations of FMCSRs lacks relevance when accident at

13

issue not the result of mechanical failure or driver fatigue); *Homestate Cnty. Mut. Ins. Co. v. Logicorp Enterprises, LLC,* No. 1:12-CV-1068-CAP, 2014 WL 12647766, at *3 (N.D. Ga. July 22, 2014)(where plaintiff failed to establish accident was result of defective equipment or speeding, evidence of falsifying drivers logs and violations for driving defective equipment not relevant). In short, ARA's loss of any information required to be maintained by the FMCSA must be relevant to Plaintiff's Motion and critical to his case to be considered by this Court. Plaintiff fails to meet his burden in this regard.

### E. Conclusion.

For the foregoing reasons, Plaintiff's Motion should be denied.

Respectfully submitted this 29th day of July 2024.

BOUHAN FALLIGANT LLP

*/s/ Dennis B. Keene*

_____
DENNIS B. KEENE
Georgia Bar No. 410801
GREGORY L. FINCH
Georgia Bar No. 967160

One West Park Avenue
Savannah, GA 31401
(912) 232-7000
dkeene@bouhan.com
glfinch@bouhan.com

JOHN HARVEY, PC

P.O. Box 14288
Savannah, GA           JOHN D. HARVEY
(912) 312-0716         Georgia Bar No. 335502
john@johnharveypc.com

14

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served, via statutory electronic service, a true and correct copy of the foregoing to the following counsel of record, addressed as follows:

<table>
<tr><td>

William J. Degenhart
Parker M. Green
John O'Briant
MORGAN & MORGAN
178 S. Main Street, Ste. #300
Alpharetta, GA 30009
wdegenhart@forthepeople.com
pgreen@forthepeople.com
jobriant@forthepeople.com

</td><td>

Edward M. Hughes
Tracy C. O'Connell
ELLIS PAINTER
P.O. Box 9946
Savannah, GA 31412
bhughes@ellispainter.com
toconnell@ellispainter.com

</td></tr>
</table>

This  29th  day of July 2024.

BOUHAN FALLIGANT LLP

*/s/ Dennis B. Keene*

_____
Dennis B. Keene
Georgia Bar No. 410801
Gregory L. Finch
Georgia Bar No. 967160

*Attorneys for Canal Insurance Company*

Post Office Box 2139
Savannah, GA  31402-2139
Telephone: 912-232-7000
Email: dkeene@bouhan.com
           glfinch@bouhan.com