IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS STARK,<br><br>   *Plaintiff*,<br><br>vs.<br><br>ARA TRANSPORT INC., CANAL INSURANCE COMPANY, and ALEXIS RODRIGUEZ,<br><br>   *Defendants*. | CIVIL ACTION FILE NO.:<br>2:23-CV-00074-LGW-BWC |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SPOLIATION SANCTIONS**

COMES NOW Plaintiff Thomas Stark in the above captioned action, by and through his undersigned counsel of record, and files Plaintiff's Reply in Support of Plaintiff's Motion for Spoliation Sanctions, (Doc. 55), in reply to Defendant Canal Insurance Company's Response to Plaintiff's Motion, (Doc. 59), respectfully showing the Court as follows:

**INTRODUCTION**

Plaintiff's Motion for Spoliation Sanctions should be granted, (Doc. 55), and the Opposition Response filed by Defendant Canal Insurance Company ("Canal") shows no basis to deny, (Doc. 59). Canal asserts that Defendants did not engage in sanctionable spoliation or discovery conduct, and that Canal neither possessed nor controlled any of the spoliated evidence raised in Plaintiff's Motion. (*Id*.) As to Defendant ARA Transport, Inc. ("ARA") and Defendant Alexis Rodriguez ("Rodriguez"), the record of these Defendants engaging in sanctionable discovery conduct and spoliation of evidence is clear. (*See* Docs. 55, 56, 67.)

As to Canal, at this stage of the litigation proving spoliation by Canal separately would require Plaintiff obtaining the claims file to assess the extent to which Canal knew about,

1

participated in, or allowed ARA's and Rogriguez's spoliation. Canal's claims file would show: (1) when Canal knew of the actions and inaction taken by ARA and Rodriguez; (2) why ARA's insurance policy with Canal was cancelled shortly before the depositions in this case; (3) why ARA's license to operate was revoked; (4) what documents ARA submitted to Canal before and after the collision; and (5) what representations ARA made to Canal regarding records retention, records compliance, and discovery obligations. Since it is undisputed that ARA and Rodriguez either lost and destroyed or altered the evidence at issue, the claims file would reveal whether Canal too was part of this spoliation. However, Canal's claims file would only be voluntarily produced in the event of an excess verdict for the purposes of determining bad faith.

Even so, many of the opposition arguments made by Canal reflect those of ARA and Rodriguez. (*See* Doc. 60, ARA & Rodriguez Opposition; Doc. 59, Canal Response.) In the efficiency of time, Plaintiff has addressed most of these parallel arguments in Plaintiff's Reply to ARA and Rodriguez and does not do so separately here. (*See* Doc. 67.) Canal's other arguments also fail to dispel the spoliation that has occurred. Plaintiff notes the following additional evidence confirms that spoliation by at least ARA and Rodriguez is undisputable: (1) Canal's Response was filed by separate counsel from ARA and Rodriguez; (2) Canal's separate counsel entered an appearance after the Court granted Plaintiff leave to file this Motion for Spoliation Sanctions; and (3) the crux of Canal's Response is to separate Canal from the actions of Rodriguez and ARA. (*See* Docs. 51, 53, 54, 59.) If Canal was not seriously concerned about ARA and Rodriguez having engaged in sanctionable spoliation, then why would Canal act as it is now?

For these reasons, as explained more fully below, spoliation sanctions should be imposed in this case irrespective of Canal's arguments to the contrary. Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Spoliation Sanctions.

**ARGUMENT AND CITATION TO AUTHORITY**

As established in Plaintiff's Motion and Reply, it is undisputed that ARA and Rodriguez have spoliated evidence and should be sanctioned. (*See* Docs. 55, 56, 67.)  In fact, both ARA and Rodriguez have admitted to having spoliated evidence during the course of litigation by destroying, losing, failing to maintain, or altering evidence. (*See* Doc. 60.)  Nothing in Canal's Response changes the spoliation committed by ARA and Rodriguez or absolves the need for sanctions against these parties.  Even if Canal itself is not sanctioned for spoliation, the Court should still grant Plaintiff's Motion for Spoilation Sanctions as to ARA and Rodriguez.

### A. Canal's Claim File Contains the Conduct of the Carrier and its Knowledge of When and Any Role Canal May Have Played in the Spoliation of Evidence

Canal argues that Plaintiff must show Canal was involved in the alleged spoliation conduct, and had a duty to preserve the allegedly spoliated evidence, to warrant sanctions against Canal. (Doc. 59, p. 5.)  However, under the case cited by Canal for this proposition, Wilson v. HH Savannah LLC, 2022 WL 3273718, at *3 (S.D. Ga. June 1, 2022), Plaintiff has not been provided any such evidence to determine whether Canal had a duty to preserve.  To this point Canal has produced neither its claim file, policyholder document retention obligations, nor any documents submitted to or obtained by Canal from the date it became aware of this claim.  It is undisputed that Canal received a letter of representation on November 9, 2022, well *before* ARA changed its cellphone number and lost its computer, thereby destroying WhatsApp data and company records. (Brief Exhibit F.)  Moreover, ARA's liability insurance policy with Canal was cancelled on December 5, 2023, and ARA's motor carrier authority was involuntarily revoked shortly thereafter on December 11, 2023.  These facts are undisputed per the SAFER Database as shown by the website screenshots provided below.  However, ARA was unable to answer whether Canal or ARA cancelled the liability coverage even though policy cancellation occurred mere weeks before ARA's deposition on December 20, 2023. (Brief Exhibit G, pp. 98-99, ll. 22-3.)

3

| US DOT: | 2376808 | Docket Number: | | MC00815924 | | | | |
|---|---|---|---|---|---|---|---|---|
| Legal Name: | ARA TRANSPORT INC | | | | | | | |
| Form | Type | Insurance Carrier | | Policy/Surety | Coverage From | Coverage To | Effective Date From | Effective Date To |
| 91X | BIPD/Primary | CANAL INSURANCE CO. | | 617406001 | $0 | $1,000,000 | 10/09/2021 | 12/05/2023 Cancelled |

**Authority History**

| OT: | 2376808 | Docket Number: | MC00815924 | |
|---|---|---|---|---|
| Name: | ARA TRANSPORT INC | | | |
| b | Auth Type | Original Action | | Disposition |
| | MOTOR PROPERTY COMMON CARRIER | GRANTED | 05/20/2013 | REVOKED   12/11/2023 |

Carrier Details    Active/Pending Insurance    Rejected Insurance    Insurance History    Pending Application    Revocation

**Revocation**

| US DOT: | 2376808 | Docket Number: | MC00815924 |
|---|---|---|---|
| Legal Name: | ARA TRANSPORT INC | | |
| Auth Type | 1st Served Date | Effective Date | Reason |
| COMMON | 11/08/2023 | 12/11/2023 | INVOLUNTARY REVOCATION |

Carrier Details    Active/Pending Insurance    Rejected Insurance    Insurance History    Authority History    Pending Application

Barring the Court ordering Canal to produce its complete claims file and to be deposed under Rule 30(b)(6), Plaintiff is unable to gain a full understanding of Canal's actions in this matter until and unless there is an excess verdict. At present, Plaintiff can show that Canal had knowledge of the spoliation issues. Plaintiff has provided emails showing that Canal was copied by defense counsel in April 2024, when Plaintiff became fully aware of the logbook edits, so Canal had to have known then. (Reply Exhibit B.) However, Plaintiff believes it is highly unlikely that Canal did not have ARA submit documents and claims forms to them between the date they received the Letter of Representation and the dates that ARA destroyed the evidence after Canal was served. If Canal truly wants to show its innocence, then Canal should be producing all of these documents, rather than relying on a conclusory denial. When what matters for establishing duty to preserve is *when* did Canal know of these issues, its failure to submit any documentary evidence in this regard adds more smoke to the fire.

**B. Plaintiff Has Met the Burden Showing That Defendants Failed to Preserve and Destroyed Crucial Evidence**

As discussed in reply to ARA and Rodriguez, Defendants have admitted to spoliating crucial evidence by failing to preserve and then destroying WhatsApp data and company records

held on computer and cellphones. All of which Defendants destroyed during litigation. In addition, Defendants have lost the pre-employment drug test, lost all employee driver records, failed to perform a federally required post collision drug test, were never in ELD mode, and had an out of service driver crash into an active crime scene. ARA and Rodriguez are attempting to use their own ineptitude to mitigate punishments against them for spoliation. However, the facts show that Defendants were more than inept in spoliating crucial evidence. While fully represented by counsel, ARA and Rodriguez acted knowingly to spoliate evidence without any regard for their obligations as part of this litigation or under the FMSCA. Defendants' post-hoc explanations should be further disregarded based on the untruthful statements made in their affidavits.

### C. The Spoliation of Rodriguez's Driver Logbooks

The Georgia Court of Appeals has held that spoliation sanctions must be imposed based on the following findings: (1) "Intentionally abused the discovery process and prejudiced the plaintiff by spoliating 'crucial' evidence, i.e., by destroying computer records and other documents and by making repairs on the tractor trailer, when it is undisputed that they had already anticipated that there would be litigation arising from the collision and had received the spoliation letter from the plaintiff; (2) Acted willfully in bad faith and with a conscious disregard of the consequences by repeatedly and knowingly making false statements that relevant, requested documents either never existed or had been destroyed within six months of the collision, but, after the plaintiff filed his motion for sanctions, claiming that they had just found the documents, a claim the court deemed incredible." Howard v. Alegria. 321 Ga. App. 178, 184 (2013). The trial court sanctioned the defendants by striking the joint answers of the driver, insurance company, and owner of the tractor trailer, specifically because of the egregious acts of spoliation committed by the company that owned the tractor trailer. Id. These sanctions were affirmed on appeal. Id.

Canal argues that Plaintiff did not accurately address the driver logbooks, yet impressively fails to address and ignores one simple fact: When was all the supporting evidence cited in ARA and Rodriguez's response opposition produced? The answer is when these Defendants filed their response. (*See* Doc. 60.) Why from December 2023 until the end of July 2024 did ARA fail to produce a single one of these documents? The answer is that Defendants likely did not think they would be caught. This is evidenced by ARA's deposition testimony, as ARA confirmed manual edits are not allowed but for the last week had been approving manual edits. (*See* Brief Exhibit G, pp. 205-209.) Furthermore, the ARA deponent accused Plaintiff's counsel of speculating that the logbooks were all manually input on page. (*Id.* at p. 207, ll. 4-5.) However, Canal thankfully proves Plaintiff's point that the vehicle was never in ELD mode. (*See* Doc. 59, p. 8.) Federal Regulations state that this data cannot be overwritten, altered or erased, yet we have affidavits that say the very same, and Defendants failed to produce anything until faced with sanctions.

Plaintiff prays this Court find Defendants' sudden evidentiary revelations as incredible as the Court of Appeals found in <u>Howard</u> and likewise strike Defendants' Answers as in <u>Howard</u>.

### D. ARA's and Rodriguez's Destruction of Evidence and Violations of the FMSCA Both Have Bearing on Plaintiff's Motion for Spoliation Sanctions

At the time of collision, it is undisputed that Rodriguez was found out of service and that Rodriguez's vehicle had numerous maintenance issues that a pre-trip inspection would have revealed. An out of service driver driving all night, in a vehicle with numerous problems including a non-working left turn blinker that could have been used to merge into the open lane, who collided into an active crime scene raises questions of drowsiness, sobriety, fitness, etc. Nonetheless, ARA failed to perform the post collision drug test of their out of service driver, letting Rodriguez instead get back behind the wheel roughly thirteen hours later. Not only did these actions by ARA and Rodriguez violate FMSCA regulations, they also led to Defendants spoliating evidence.

## CONCLUSION

Plaintiff prays that this Court see through Defendants' attempts to mitigate their violations through the legal defense of incompetence and finds that Defendants destruction of evidence has prejudiced Plaintiff of fair discovery and the time to review it and take the previously done depositions. Canal has been hand in hand with ARA and Rodriguez until this Motion, and now wishes to separate itself. The Court should determine that the actions taken by Defendants in this matter are unacceptable and grant Plaintiff's Motion for Spoliation Sanctions.

Respectfully submitted this 13th day of August 2024.

**MORGAN & MORGAN**

By: *John O'Briant*
    **JOHN O'BRIANT**
    Georgia Bar No. 133201
    *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS STARK,<br><br>　　　　*Plaintiff*,<br><br>vs.<br><br>ARA TRANSPORT INC., CANAL INSURANCE COMPANY, and ALEXIS RODRIGUEZ,<br><br>　　　　*Defendants*. | CIVIL ACTION FILE NO.:<br>2:23-CV-00074-LGW-BWC |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Reply in Support of Motion for Spoliation and Sanctions has this day been served upon all counsel of record via the Court's CM/ECF electronic docketing system.

　　　　　　　　　　　　　　　　　　By: /s/ *John O'Brian*
　　　　　　　　　　　　　　　　　　　　**John O'Briant**
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 133201