# EXHIBIT B

Case 2:23-cv-00074-LGW-BWC   Document 73-2   Filed 10/11/24   Page 1 of 3

# Edward M. Hughes

| | |
|---|---|
| **From:** | Edward M. Hughes |
| **Sent:** | Wednesday, September 18, 2024 2:57 PM |
| **To:** | John O'Briant x32879 |
| **Cc:** | Kelli Lester x6799; Kierria Jones x32933; William J. Jay Degenhart x4831; dkeene@bouhan.com; Gregory L. Finch; John Harvey; Tracy O'Connell; Lisa Gray; Emily Vincent; Rebekah Murray; Doreen Long; Holly Humphries; Laura Horn; Beth Brooks; Ronald Fields x32891 |
| **Subject:** | Re: Stark v ARA, et al. |

Wow John; I am very sorry to hear of your diagnosis. Put your health first of course... We will of course cooperate to the fullest on any matter we can to accommodate.
Bubba
Sent from my iPhone

> On Sep 18, 2024, at 2:31 PM, John O'Briant x32879 <jobriant@forthepeople.com> wrote:
>
> Good afternoon,
>
> We are filing a supplement to the spoliation motion. I do not think we are anywhere near a work through, or this is nearly over. My prior emails break down the myriad of issues, as do my briefs. The What's App amounts to crossing the Rubicon, and I don't think there is going back to a workable arrangement in discovery. I look forward to the Court's Ruling on the Spoliation, as I cannot see a possibility of this motion being denied based off the falsified affidavits.
>
> I also disagree with Defendant's privilege log as the number used was allegedly deleted, messages were used from 2021 until present day, the creation of the false affidavits is in that time period, and the other 30b6 deponent having an account. Every single message following the date Ravelo changed his number is admissible. Losing the iPhone shortly after his deposition was convenient for Rodriguez who kept using the same account as well. I highly doubt he lost and/or replaced the phone. The number of relevant documents in the partial production was alarming, including but not limited to an undisclosed collision where Rodriguez fell asleep at the wheel.
>
> My original reply brief speaks to my thoughts on the ESI documents and the unconscionable actions taken by your clients. Furthermore, the documents show that there clearly was other storage in the 140+ PDFs, many of which were exchanged shortly before the deposition. This entire year I have said Defendants have had all of this.
>
> I was diagnosed with Thyroid cancer last Tuesday and meet with that surgeon on the 26th. I have not been able to do my usual rapid review/response because of juggling my health.
>
> Everything needs to be produced, no redactions, and it needs to be double checked that everything has been produced. At this point, I don't see how it can be expected that I believe your clients are not still hiding materials from us. Everything I hypothesized Defendants did they have done and worse.

1

I want to be clear on whatever is left from a discovery standpoint that is contended to be lacking or disputed so that we can hopefully work through whatever problems might exists it. If there are points, issues or topics you all would like to talk about to possibly work through, please let us know. I am certainly willing to discuss anything related to this. Just let us know.

Thanks

Bubba

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.