IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS STARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **CIVIL ACTION NO. 2:23-cv-00074** |
| ARA TRANSPORTATION INC., CANAL | ) |
| INSURANCE COMPANY, and | ) |
| ALEXIS RODRIGUEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT CANAL INSURANCE COMPANY'S RESPONSE
TO PLAINTIFF'S SECOND REPLY BRIEF TO HIS MOTION FOR
SPOLIATION SANCTIONS**

COMES NOW Defendant Canal Insurance Company ("Canal") and, in accordance with this Court's October 4, 2024, Order (Doc. 72), herein responds to Plaintiff's Second Reply Brief in Support of His Motion for Spoliation Sanctions (Doc. 70, "Second Reply Brief"). While Plaintiff's Motion (Doc. 55) contains alleged misconduct of Defendants ARA Transport, Inc. ("ARA") and/or Alexis Rodriguez ("Rodriguez"), it lacks specific allegations involving Canal. After Canal responded to the Motion, pointing out the lack of connection between the Motion's allegations and Canal (Doc. 59), Plaintiff filed two reply briefs (Docs. 67 and 70), wherein he makes sweeping, unsupported, irrelevant and false assertions against Canal. For the following reasons, the Motion should be denied as to Canal and other relief be granted in favor of Canal and against Plaintiff:

(1) Plaintiff's sweeping assertions against Canal remain unfounded;

(2) Nothing suggests Canal possessed or controlled, destroyed or otherwise tampered with the purportedly spoliated evidence;

1

    (3)    Plaintiff cites no fact or law that supports a finding that Canal should have had knowledge of another Defendant's conduct or intent, or could have taken any steps concerning it; and

    (4)    Plaintiff's baseless assertions that Canal is guilty of discovery abuses and fraudulent representations to the Court merit an award of attorney's fees to Canal.

**A.  Plaintiff's allegations as to Canal.**

Plaintiff's Second Reply Brief makes several broad allegations against Canal: 1) Canal "falsely claim[ed] to have no information available to it regarding prior accidents involving its insured" (Doc. 70, pp. 1, 7); 2) Canal was "content to benefit" from Defendants Rodriguez and ARA's purported spoliation of evidence (Doc. 70, p. 11); and 3) since all defendants were initially represented by the same counsel, discovery responses, testimony and documents produced by co-defendants are, inexplicably, imputed to Canal (*see, e.g.*, Doc. 70, p. 12).[1] The Motion, however, is limited to ARA and/or Rodriguez's loss of ARA's computer, the failure to save commercial carrier records, the loss of a WhatsApp account, edited driver's logs and other evidentiary issues specific to those two defendants. (*See generally*, Doc. 55). With respect to those issues, Canal

---

[1] While Plaintiff speculates as to why Canal has separate counsel, such speculation is simply that. It has no bearing on any issue before this Court.

A fourth topic addressed in passing by Plaintiff is that "[e]ven with new counsel [meaning the undersigned], Canal continues to deny liability and causation for the wreck in a baseless defense…" (Doc 70 at p. 12). This assertion also has no bearing on Plaintiff's Motion, is yet another inaccurate statement by Plaintiff, and merits no additional response other than to state the record is replete with evidence to contest liability.

2

relies on the facts and law cited to and referenced in its Response Brief. (Doc. 59). Particularly, at no point did Canal possess or control this evidence, and neither did Canal spoliate this evidence.

As to the new discovery allegations raised for the first time in the Second Reply Brief, those issues are outside the scope of the Motion and fail to adhere to the discovery dispute mandates found in Fed. R. Civ. P. 37 and LR 26.5. However, after considering the Second Reply Brief, Canal's position regarding the spoliation Motion remains unchanged: since there is no legal or factual authority for Plaintiff's assertions against Canal, any relief Plaintiff seeks against Canal should be denied. These issues are addressed herein.[2]

**B.    Canal made no "material falsehoods" in its discovery responses.**

As an initial matter, Plaintiff's Second Reply Brief improperly expands his Motion by adding an entirely new theory, namely, that Canal responded to discovery with "material falsehoods." (Doc. 70, p. 12). Without explaining how the alleged material falsehoods relate to the spoliated evidence issues raised in his Motion, Plaintiff simply appended Canal's Interrogatory responses to the Second Reply Brief without citing any specific discovery request that is allegedly false.[3] Specifically, Plaintiff makes the following accusations against Canal:

- "Canal falsely claimed to have no information available to it regarding any prior accidents involving its insured" (Doc. 70, p.1);

- "Canal also denied the existence of any other collision" (*Id*. at p.7);

---

[2] Defendants Rodriguez and ARA are responding to any alleged false representations addressed to them.

[3] Plaintiff's counsel boasts that he intentionally files motions for spoliation sanctions in lieu of motions to compel as a means of leverage. (*See* LinkedIn article authored by Plaintiff's Counsel at Ex. A). However, the requirements of Rule 37 cannot be avoided simply by giving the motion a different title.

- "Discovery responses of Canal make no mention of any other wrecks…and deny knowledge as to a whole host of relevant information that Canal most certainly has in its possession…. For example, Canal failed to provide any discovery as to its decision to cancel ARA's insurance in Dec 2023." (*Id*. at p. 11).

### 1. Plaintiff's Second Reply Brief violates the requirements of Federal Rule of Civil Procedure 37 and Local Rule 26.5.

Discovery-related issues require compliance with both the Federal Rules of Civil Procedure and this Court's Local Rules.  Local Rule 26.5 requires a party to:

> (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. *Such objections and grounds shall be addressed to the specific interrogatory*, request for admission, or request for production *and may not be made generally*.

(S.D. Ga. LR 26.5)(emphasis added).

LR 26.5 also reiterates the "meet-and-confer" requirement of Fed. R. Civ. P. 37:

> Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

(*Id*.)

Plaintiff made no such certification because he made no good faith effort to resolve these alleged "material falsehoods" before filing his Second Reply Brief.  Disguising the issues in a motion for spoliation sanctions, as that appears to be Plaintiff's counsel's playbook (see note 3, Ex. A, *supra.*), does not alleviate the requirements of addressing the dispute with the opposing party before seeking Court intervention.[4]  Moreover, such a tactic itself constitutes a discovery

---

[4] Notwithstanding Plaintiff's lack of effort to meet and confer, Defendants' counsel did request an opportunity to address any specific interrogatory response that Plaintiff now asserts is materially

violation. *Brookside Grp., LLC v. Caris Healthcare*, No. 1:18-CV-1005-AT, 2019 WL 12384803, at *1 (N.D. Ga. Mar. 15, 2019) (citing *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x. 909, 914 (11th Cir. 2010) and noting "failure to comply with Rule 37(a)(1)'s meet-and-confer and certification requirements constituted "discovery violations").

In fact, Plaintiff ignores Rules 37 and LR 26.5 by failing to cite to any specific interrogatory, offering no evidence of any intentionality, wrongdoing or any "material falsehood," and summarily concluding that "Canal… served intentionally false discovery responses…" (*Id.*). Plaintiff expects the Court to make this quantum evidentiary leap for him. Notwithstanding this deficiency, Plaintiff is simply wrong in his guesswork about Canal's interrogatory responses.

**2. Plaintiff's Interrogatories were fully and correctly responded to by Canal.**

To address the issues raised in the Second Reply Brief, Canal draws the Court's attention to three interrogatories that, at least, relate to the topics raised in that brief. First, Interrogatory No. 7 addressed to Canal seeks information relating to other motor vehicle collisions and moving violations pertaining to Defendant Rodriguez:

> 7. Please identify all motor vehicle collisions and moving violations for Defendant prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.
>
> **RESPONSE: None to this Defendant's knowledge.**

(Doc. 70-2).

---

false, and on Monday, October 7th, the parties conferred through counsel. Other than reiterating the positions stated in the Second Reply Brief, Plaintiff's counsel offered no more specifics, except to address information regarding the expiration of ARA's insurance more than a year following the instant accident – a subject that was not sought in Plaintiff's interrogatories to Canal.

A review of Canal's loss run report reflects no losses associated with Defendant Rodriguez. (See Ex. C, Affid. of Jennifer Eubanks, ¶ 2), which is the response Canal provided.  While Plaintiff now asserts "Canal falsely claimed to have no information available to it regarding any prior accidents involving its insured [ARA]" (Doc. 70, p.1), the interrogatory does not relate to ARA as ARA would not receive "moving violations," which is information sought in the request.  If there is some ambiguity in the interrogatory, this ambiguity should have been addressed through the procedures in Rule 37 and LR 26.5.  Yet regardless of any ambiguity Plaintiff now seeks to capitalize on, he offers no evidence that Canal "served intentionally false discovery responses."

Moreover, and upon reviewing ARA's document production to prepare the instant response, ARA produced at least one document from its file that referenced a North Carolina accident involving Rodriguez in 2017, which is five years before the instant accident. (*See* NCDOT Motor Vehicle Record (MVR), dated March 6, 2019, Ex. B herein).  Canal did not have the MVR until it was produced during discovery in the instant lawsuit. (Ex. C, Eubanks Affid. at ¶ 4).  Hence, Plaintiff should have been aware of a prior accident involving Rodriguez, and Canal had no obligation to supplement a discovery response when it became aware of the information at or around the same time as Plaintiff. *See Hooker v. Fulton Cnty., Georgia*, No. CIVA105CV982GET, 2006 WL 2617142, at *3–4 (N.D. Ga. Sept. 12, 2006) (Acknowledging the Advisory Committee Notes to Rule 26(e) provide that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process").  Moreover, "there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery.'" *Id. citing* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1.  With respect to any accident Rodriguez may have had after this litigation ensued, which

Plaintiff also references in his Second Reply Brief, Plaintiff offers no evidence of how or why Canal should have had knowledge of it.

Second, Plaintiff argues that Canal's discovery responses "deny knowledge as to a whole host of relevant information that Canal most certainly has in its possession… For example, Canal failed to provide any discovery as to its decision to cancel ARA's insurance in December 2023." (Doc. 70, p. 11). Again, and except for one example, Plaintiff fails to identify the "host of relevant information that Canal most certainly has in its possession" let alone explain why he believes Canal possesses the information. This tactic is consistent with counsel's refusal to file motions to compel (*see* note 3, Exh. A, *supra*.), as that would require a good faith effort to resolve the issue through a discussion of the alleged discovery deficiencies. Instead, Plaintiff resorts to broad-brushed, unsupported assertions of discovery abuse that sound much more dramatic in a brief to the Court, and much more telling of Plaintiff's intent.

As quoted above, the one example offered by Plaintiff of the "host of relevant information" in Canal's possession that has not been produced is Canal's "decision to cancel ARA's insurance" (Doc. 70, p. 11). Setting aside that this issue lacks relevance to this case and the insurance policy simply was non-renewed (it was not canceled midterm)(Ex. C, Eubanks Affid. at ¶3), this information was never requested by Plaintiff through his written discovery requests. With respect to insurance, Plaintiff posed two separate interrogatories to Canal:

> 9. Has any entity issued a policy of liability insurance to Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.
>
> **RESPONSE: Canal refers Plaintiff to the policy produced with its responses to Plaintiff's Requests for Production of Documents.**

> 10. Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.
>
> **RESPONSE:** Defendant objects to this interrogatory on the grounds that it seeks information outside the scope of Federal Rule of Civil Procedure 26. Subject to and without waiving the foregoing objections, Defendant may supplement this response.

(Doc 70-2, pp. 3-4 therein). Both interrogatory responses are complete; Plaintiff never sought Canal to withdraw its stated objection, nor did he question the response or move the Court to compel a different response. Moreover, the information is not relevant and has nothing to do with Plaintiff's claims, as Canal's interrogatory response indicates.

The only "material falsehood" made to the Court is Plaintiff's argument, without any supporting evidence, that Canal is dishonest and that it made intentional misrepresentations to the Court and the parties. As reiterated to Plaintiff's counsel time and again, if there was a specific Interrogatory he claims is materially false or requires supplementation, it should be addressed with Canal through the procedures afforded the parties in the Federal Rules of Civil Procedure and Local Rules. The tactic of using a motion for spoliation sanctions to address alleged deficiencies in discovery responses is inappropriate.

C. **Canal is not obligated to investigate the efficacy or thoroughness of another co-defendant's discovery responses or document production.**

Plaintiff next argues that "[n]ot to be outdone, Defendant Canal… falsely claimed to have no information available regarding any prior accidents involving its insured, while also permitting both ARA and Rodriguez to destroy known ESI during the time all Defendants were represented by the same counsel." (Doc 70 at p. 2). The latter part of this contention, which pertains to Defendants Rodriguez and ARA's s evidence handling, has morphed from Canal having no

8

specific involvement (*see* Motion, Doc. 55), to Plaintiff asserting in his first Reply Brief that "at this stage… proving spoliation by Canal separately would require Plaintiff obtaining [Canal's] claims file" (Doc. 68 at pp. 1-2), to Plaintiff now contending "Canal blindly relied on [ARA and Rodriguez's]" to secure information outside the control of Canal. (Doc 70, pp. 10, 11).  While this Court's Local Rules require "[e]very factual assertion in a [] brief [to] be supported by a citation to the pertinent page in the existing record…" (SD Ga. LR 7.1(b)), Plaintiff attempts to side-step this requirement by using inflammatory rhetoric to gloss over the lack of evidence on this issue.

Canal's duty with respect to preserving evidence is clear and no case law supports expanding the duty of a defendant to be held accountable for the conduct of other defendants.  In short, Canal's "duty only attaches to information within the party's possession, custody, or control." *Wilson v. HH Savannah, LLC,* No. CV420-217, 2022 WL 3273718, at *3 (S.D. Ga. June 1, 2022) *citing Atta v. Cisco Systems, Inc.*, No. 1:18-cv-1558-CC-JKL, 2020 WL 7384689, at *5 (N.D. Ga. Aug. 3, 2020).  Therefore, "spoliation sanctions are only available against the party who had possession or control of the missing evidence." *Storey v. Effingham County*, No. CV415-149, 2017 WL 2623775, at *2–3 (S.D. Ga. June 16, 2017) *citing Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)("it is essential that the evidence in question be within the party's control."); *Watson v. Edelen*, 76 F. Supp. 3d 1332, 1343 (N.D. Fla. 2015) ("For a spoliation sanction to apply, it is essential that the evidence in question be within the party's control"). "Indeed, the introductory section of Rule 37(e) requires that a party must first be shown to have failed in its duty to preserve existing evidence before sanctions should be considered. Fed. R. Civ. P. 37(e)." *Wilson*, 2022 WL 3273718, at *2.  Again, Plaintiff fails to offer any support for his assertion that spoliated evidence was in the possession or control of Canal.

Moreover, Plaintiff candidly concedes that he has *no evidentiary basis* to claim Canal was ever aware of any of the co-Defendants' conduct. (Doc. 68 at pp. 1-2)("proving spoliation by Canal would require Plaintiff obtaining the claims file to assess the extent to which Canal knew about, participate in, or allowed ARA's and Rodriguez's spoliation").  Beyond Plaintiff's unsupported suggestion that he should be entitled to conduct a fishing expedition into Canal's privileged litigation file, and perhaps recognizing his own evidentiary deficiencies, Plaintiff asks this Court to create a "duty to investigate" co-Defendants' discovery responses and document productions. No such duty exists and Plaintiff frivolously argues it without citing any case law, statute, regulation or even policy in support of this duty.  (*See* LR 7.1(b): "[u]nless the assigned Judge prescribes otherwise, every motion filed in civil proceedings shall cite to supporting legal authorities").

While Fed. R.Civ. P. 26 requires supplementation of certain discovery responses, this requirement is not absolute:

> Rule 26(e)(1) provides that a party must supplement its disclosures "at appropriate intervals," and Rule 26(e)(2) requires a party "seasonably" to amend an incomplete or incorrect prior response.  However, the requirements in both Rule 26(e)(1) and (e)(2) only apply "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. …
>
> Similarly, Professors Wright and Miller explain that this provision "recognize[s] that there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery." 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2049.1.

*Hooker v. Fulton Cnty., Georgia*, No. CIVA105CV982GET, 2006 WL 2617142, at *3–4 (N.D. Ga. Sept. 12, 2006).

10

As mentioned above, while ARA produced Rodriguez's 2019 North Carolina MVR (Ex. B), which reflected a 2017 accident involving Rodriguez, Plaintiff fails to explain why Canal would have this document, or how Plaintiff is prejudiced as a result of getting it from ARA. Indeed, Canal did not have the MVR prior to receiving it when ARA produced it to Plaintiff (Ex. C, Eubanks Affid. at ¶ 4). Notwithstanding that Plaintiff already possesses this information, Canal, on its own initiative, informed Plaintiff that it would review discovery responses and supplement any, if needed. However, with respect to the issues raised in the Second Reply Brief, supplementation does not appear warranted.

### D. This Court should exercise its inherent power and sanction Plaintiff for his repeated, unfounded positions taken towards Canal.

"District courts maintain broad discretion to impose sanctions, a power which "derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) cited in *Huang v. Trifecta Networks, LLC*, No. 21-CV-1637-CEH-AEP, 2021 WL 11132782, at *3 (M.D. Fla. Sept. 30, 2021). A court's inherent power "is both broader and narrower than other means of imposing sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1314–15 (11th Cir. 2010) (holding district court was clearly erroneous in determining evidence was insufficient to support a finding of bad faith) citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). While other sanction mechanisms have limits on the conduct it reaches, "the inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Peer*, 606 F.3d at 1315.

"To impose sanctions under these inherent powers, the court first must find bad faith." *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998)("key to unlocking a court's inherent power is a finding of bad faith"). "A finding of bad

11

faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Walker*, 532 F.3d at 1309. While Canal does not take seeking sanctions against any party or counsel lightly, in the instant case, such is required. Plaintiff acted in bad faith by 1) intentionally ignoring the mandates of Fed. R. Civ. P. 37 and LR 26.5 in order to present a self-perpetuated discovery dispute to the Court, and 2) knowingly claiming Canal made fraudulent misrepresentations with no evidence or legal support for his assertions. As discussed above, counsel's playbook is to ignore Rule 37 in order to create leverage for his client. (*See* Ex. A). Such tactics are contrary to the stated purpose of the rules governing the resolution of discovery disputes: to make a good faith effort to resolve the dispute *before* coming to court. (Fed. R. Civ. P. 37(d)(1)(B); LR 26.5).

With respect to the alleged spoliation of evidence as it relates to Canal, Plaintiff has been given every opportunity to provide to the Court any evidence of Canal's involvement in any of the allegations asserted against Defendants ARA and Rodriguez. Yet, in the span of three briefs (the Motion and two reply briefs), Plaintiff failed to do so. Even after recognizing in his first reply brief that he has no evidence as to Canal's involvement in any alleged wrongdoing (Doc. 67 at pp.1-2), he doubled-down on his efforts and now asserts Canal has not been candid with the Court and made "material falsehoods" without offering a scintilla of evidence. This conduct is sanctionable, and Canal respectfully requests the Court to award Canal its attorney's fees and costs in having to respond to the Motion and reply briefs.

**E.    Canal's Election with respect to Oral Argument.**

This Court's October 4, 2024, Order requires each Defendant to indicate its desire for a hearing on Plaintiff's Motion for Sanctions. Based on Plaintiff's lack of evidentiary and legal support for the assertions against Canal, Canal does not request oral argument as to the Motion.

With respect to Canal's request for sanctions, Canal recognizes Plaintiff may be entitled to be heard on the issue of the imposition of sanctions. If the Court is inclined to afford Canal the requested relief, Canal will certainly participate in any scheduled hearing.

**F.  Conclusion.**

For the foregoing reasons, Plaintiff's Motion should be denied, and Canal should be awarded its fees and costs in having to defend the frivolous and unsupported assertions raised therein against it.

Respectfully submitted this __11th__ day of October 2024.

BOUHAN FALLIGANT LLP

*/s/ Dennis B. Keene*

DENNIS B. KEENE
Georgia Bar No. 410801
GREGORY L. FINCH
Georgia Bar No. 967160

One West Park Avenue
Savannah, GA 31401
(912) 232-7000
dkeene@bouhan.com
glfinch@bouhan.com

JOHN HARVEY, PC

P.O. Box 14288
Savannah, GA
(912) 312-0716
john@johnharveypc.com

JOHN D. HARVEY
Georgia Bar No. 335502

13

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served, via statutory electronic service, a true and correct copy of the foregoing DEFENDANT CANAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S SECOND REPLY BRIEF TO HIS MOTION FOR SPOLIATION SANCTIONS to the following counsel of record, addressed as follows:

| | |
|---|---|
| William J. Degenhart | Edward M. Hughes |
| Taryn Kelli Lester | Tracy C. O'Connell |
| John O'Briant | ELLIS PAINTER |
| MORGAN & MORGAN | P.O. Box 9946 |
| 178 S. Main Street, Ste. #300 | Savannah, GA 31412 |
| Alpharetta, GA 30009 | bhughes@ellispainter.com |
| wdegenhart@forthepeople.com | toconnell@ellispainter.com |
| klester@forthepeople.com | |
| jobriant@forthepeople.com | |

This  11th  day of October 2024.

BOUHAN FALLIGANT LLP

*/s/ Dennis B. Keene*
_____
Dennis B. Keene
Georgia Bar No. 410801
Gregory L. Finch
Georgia Bar No. 967160

*Attorneys for Canal Insurance Company*

Post Office Box 2139
Savannah, GA  31402-2139
Telephone: 912-232-7000
Email:  dkeene@bouhan.com
         glfinch@bouhan.com