IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS STARK,<br><br>*Plaintiff*,<br><br>vs.<br><br>ARA TRANSPORT INC., CANAL INSURANCE COMPANY, and ALEXIS RODRIGUEZ,<br><br>*Defendants*. | CIVIL ACTION FILE NO.:<br>2:23-CV-00074-LGW-BWC |

**PLAINTIFF'S NOTICE REGARDING HEARING ON PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

COMES NOW Plaintiff Thomas Stark ("Plaintiff") in the above captioned action, by and through his undersigned counsel of record, and pursuant to the Court's Order, (Doc. 72), files this Notice Regarding Hearing on Plaintiff's Motion for Spoliation Sanctions, (Docs. 55, 56).

Accordingly, Plaintiff HEREBY REQUESTS that the Court hold a hearing on Plaintiff's pending Motion for Spoliation Sanctions in one of two respects: *First*, in the event the Court finds that Plaintiff's Motion should be granted based solely on the pleadings and evidence of record, then Plaintiff respectfully requests a hearing on what sanctions should be imposed. *Second*, however should the Court determine that additional information on the spoliation issues would be helpful or needed for the Court's consideration of Plaintiff's Motion, then Plaintiff requests a hearing to address such issues. While the record already establishes that Defendants have engaged in sanctionable spoliation, it may be necessary for Plaintiff to further address the meritless arguments Defendants have made in response given their forthcoming supplements. Plaintiff defers to the Court on whether a hearing is needed stating as follows.

1

Where the Court bases its order finding spoliation on undisputed facts, it is not necessary to hold a hearing. Bouvé & Mohr, LLC v. Banks, 274 Ga. App. 758 (2005). If the Court finds that the undisputed evidence does not give it sufficient information to impose the requested spoliation sanctions, a hearing would be necessary. Id. In this case, the undisputed evidence of spoliation, shows that Defendants deliberately destroyed, altered, and failed to preserve highly probative evidence. Thus, Plaintiff contends that a hearing to grant Plaintiff's Motion and to impose the requested sanctions is unnecessary.

Furthermore, the facts undisputedly show that Defendants have perjured themselves in depositions, perpetrated fraud upon this Court, deliberately destroyed/fabricated/suppressed highly relevant information throughout the case. It also is clear that Defense Counsel performed absolutely no due diligence regarding Defendants' ESI as evidenced by the recent productions and their original response motions. (*See* Docs. 59, 60, 67, 68, 70.) Therefore, Plaintiff believes it is quite possible that, after a review of all briefing and evidence, the Court may deem no hearing is necessary based off the unconscionable actions perpetrated by both Defendants and Defense Counsel in this matter. If following this review, the Court prefers or needs a hearing to clarify certain facts or issues, then Plaintiff is happy to appear at the Court's discretion.

In the event a hearing is deemed necessary, Plaintiff would like to inform the Court that undersigned Plaintiff's Counsel will be undergoing thyroid cancer surgery on October 23, 2024, which hopefully will not keep Plaintiff's Counsel on the shelf too long. Additionally, the Undersigned Counsel is representing case specially set for Trial on November 11–15, 2024, *Villalobos v. Jackson & Stewart*, State Court Clayton County, Civil Action File No. 2023 CV01849. Outside those two events, Undersigned Counsel will work to accommodate any potential hearing date with the Court.

Respectfully submitted this 11th day of October 2024.

                                            **MORGAN & MORGAN**

                                     By: *John O'Briant*
                                            **JOHN O'BRIANT**
                                            Georgia Bar No. 130593
                                            *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| THOMAS STARK,<br><br>   *Plaintiff*,<br><br>vs.<br><br>ARA TRANSPORT INC., CANAL INSURANCE COMPANY, and ALEXIS RODRIGUEZ,<br><br>   *Defendants*. | CIVIL ACTION FILE NO.:<br>2:23-CV-00074-LGW-BWC |

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Notice Regarding Hearing Plaintiff's Motion for Spoliation Sanctions has this day been served upon all counsel of record via the Court's CM/ECF electronic docketing system.

              By: */John O'Briant*
              **JOHN O'BRIANT**
              Georgia Bar No. 130593
              *Attorney for Plaintiff*

4